AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>MODESTO HERNANDEZ  HERNANDEZ<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

3:25-mj- 1522-LLL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 23, 2025 _____ in the county of _____ Duval _____ in the
_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1546(a) | Knowingly possessing a forged, counterfeited, altered or falsely made alien<br>registration card |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David J. Broussard, Supervisory Officer - U.S. Customs and Border Protection
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 24, 2025

_____
*Judge's signature*

City and state: _____ Jacksonville, FL _____

Laura Lothman Lambert, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David J. Broussard, being a duly sworn and appointed officer for the United States Department of Homeland Security, Customs and Border Protection Office of Field Operations hereby made the following affidavit in support of a criminal complaint against Modesto Hernandez Hernandez for knowingly possessing a forged, counterfeited, altered or falsely made alien registration card, in violation of 18 U.S.C. § 1546(a).

1.      I have been a Customs and Border Protection Officer (CPBO) for over 23 years. I have training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, I have training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2.      The statements contained in this affidavit are based on my personal experience and observations as well as the experiences and observations of fellow law enforcement officers as they have described and communicated them to me. This affidavit does not contain every fact regarding the investigation, but rather only sufficient facts that I believe establish probable cause for filing of this criminal complaint.

3.      On October 23, 2025 at about 10 a.m., a individual identified as Modesto Hernandez Hernandez (DOB: XX/XX/1994) attempted to enter a

1

security checkpoint onto the Blount Island port of entry in Jacksonville, Florida. Hernandez Hernandez presented a Mexican identification card and Mexican passport to the security guard, neither of which are valid forms of identification to enter the port. Hernandez Hernandez was ordered to pull over to the side of the road.

4.      After being notified, CBPO Brian Slichta responded to the scene. Hernandez Hernandez told CBPO Slichta that he was working at the port. CBPO Slichta then requested different identification. When Hernandez Hernanez opened his wallet, he revealed the presence of a United States Lawfully Admitted Permanent Resident (LAPR) card in plain view. Instantly, CBPO Slichta recognized it as fraudulent based on its physical characteristics and took custody of the LAPR card. The LAPR bore a name with the initials E.T.H., with a date of birth in 1990, Alien registration number 484-845-963 (A-number), and an image in the likeness of Hernandez Hernandez.

5.      CBPO Slichta further inspected the LAPR card and confirmed it was a fraudulent document because, based on his training and experience as a CBPO, the printing and graphics included on the LAPR card were not consistent with those issued by the United States government.

6.      At approximately 10:45 a.m.., CBPO Angel Lugo De Jesus responded to the scene to assist with the investigation.  CBPO De Jesus and

Slichta queried the name associated with the initials E.F.T. and A-No. 484-845-963 through database records and discovered that no records existed for either identifier.

7.     Additional records checks revealed that an individual with the name and date of birth of Hernandez-Hernandez *had* a valid H2A visa which he used to enter the United States at the Laredo, Texas port of entry on April 17, 2015, with authorization to remain in the U.S. until June 20, 2015. No departure record for Hernandez Hernadez was found through official government checks, resulting in him having an immigration status as a visa overstay.

8.     As a result of the findings, Hernandez Hernandez was taken into custody and administratively searched. During a search of his wallet, a fraudulent United States Social Security card was found bearing the name of an individual with initials E.F.T. and number XXX-XX-5960. Hernandez Hernandez was then transported to the CBP Office on Alta Drive in Jacksonville, Florida for processing.

9.     I was informed of the incident at approximately 11:54 a.m. and subsequently responded to the Jacksonville CBP Office. I conducted law enforcement and immigration database checks, confirming that no departure record of Hernandez Hernandez exists prior to, or after the expiration of his

3

H2A visa on June 20, 2015. Additionally, I confirmed that the Social Security card was fraudulent because the number assigned to the card did not return any record upon querying CBP databases.

10.    Hernandez-Hernandez was fingerprinted and his fingerprints entered into the CBP processing database. The system confirmed his identity as Modesto Hernandez Hernandez with a date of birth in 1994, from the country of Mexico.

11.    Based upon the foregoing facts, I have probable cause to believe and establish that, on or about October 23, 2025, in the Middle District of Florida, Modesto Hernandez Hernandez, knowingly possessed a forged, counterfeited, altered or falsely made alien registration card or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the Unted States, knowing that said alien registration card or other document was forged, counterfeited or falsely made, or were procured by means of any false claim or statement, or were otherwise procured by fraud or unlawfully obtained, in violation of 18 U.S.C. § 1546(a).

Therefore, I respectfully request the Court issue the attached criminal complaint.

David J. Broussard
Supervisory Officer
United States Customs
and Border Protection

Sworn and subscribed to before me this 24th day of October 2025, in Jacksonville, Florida.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

5